[Cite as *Hardin v. Naughton*, 2013-Ohio-2913.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99182

---

## KATHIE M. HARDIN

PLAINTIFF-APPELLEE

vs.

## MICHAEL NAUGHTON, ET AL.

DEFENDANTS-APPELLANTS

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-735851

**BEFORE:**    Boyle, P.J., Celebrezze, J., and Jones, J.

**RELEASED AND JOURNALIZED:**    July 3, 2013

**ATTORNEYS FOR APPELLANTS**

Patrick F. Roche
Davis & Young
1200 Fifth Third Center
600 Superior Avenue, E.
Cleveland, Ohio    44114

Sean P. Allan
Allan & Gallagher, L.L.P.
1300 Rockefeller Building
614 West Superior Avenue
Cleveland, Ohio    44113

**ATTORNEYS FOR APPELLEE**

Robert P. Ducatman
Sheryl H. Love
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio    44114

MARY J. BOYLE, P.J.:

{¶1} Defendant-appellants, Michael and Rusty Naughton ("the Naughtons") appeal the trial court's decision denying their motion for attorney fees, raising the following assignment of error:

> The trial court improperly denied defendants-appellants' motion for award of reasonable attorney fees and expenses.

{¶2} Finding no merit to the appeal, we affirm.

### Procedural History and Facts

{¶3} The underlying case involves a contentious battle between next-door neighbors with lakefront property. Following the Naughtons' installation of playground equipment, planting of maple trees and side yard vegetation, plaintiff-appellee, Kathie Hardin — their next-door neighbor — filed the underlying action against them.[1] In her complaint, she asserted three counts and alleged the following: (1) that the Naughtons' swing set was a nuisance; (2) that the swing set and vegetation in the Naughtons' yard violated Bay Village's ordinances; and (3) that the Naughtons committed conversion by cutting down Hardin's trees. There is no dispute that the Naughtons' playground partially blocks the Hardins' lateral view of the Cleveland city skyline. The Naughtons filed a counterclaim, alleging that Hardin, through her authorized agent (a landscaper)

---

[1] Kathie Hardin is the titled owner of the lakefront property at issue; however, she resides in the home with her husband, Charles Hardin.

trespassed on the Naughton property and unlawfully removed the Naughtons' arborvitaes.

{¶4} The parties proceeded with discovery and sought to resolve their claims through settlement. Following an unsuccessful settlement attempt, the Naughtons filed a motion for summary judgment on March 13, 2012. On May 7, 2012, the trial court granted the Naughtons' motion for summary judgment, in part. The trial court found that Count 1 for private nuisance and Count 3 for conversion fail as a matter of law as well as a portion of Count 2 dealing with the playground equipment. The court found, however, that part of Count 2 survived, concluding that there were genuine issues of material fact as to whether the arborvitae is in compliance with the city's zoning ordinance with respect to its height. The trial court therefore denied the Naughtons' motion for summary judgment regarding the planting of the arborvitae.

{¶5} One week later, the Naughtons voluntarily dismissed their counterclaim. Subsequently, Hardin dismissed her remaining claim and then appealed the trial court's judgment granting summary judgment.[2]

{¶6} On July 13, 2013, the Naughtons filed a motion for reasonable attorney fees and expenses under Civ.R. 11 and R.C. 2323.51. In their motion, the Naughtons emphasized that Hardin, along with her husband, Charles Hardin, who is a partner with the Jones Day law firm — the same law firm that represents his wife in the underlying

---

[2] In that appeal, this court affirmed the trial court's decision granting judgment in favor of the Naughtons. *See Hardin v. Naughton,* 8th Dist. No. 98645, 2013-Ohio-1549.

litigation — made good on one promise: "this is going to be the most expensive swing set in history."[3] According to the Naughtons, Hardin prosecuted frivolous claims for the sole purpose of harassing and punishing the Naughtons, forcing them to incur substantial legal fees, while Hardin reaped the benefit of not having to pay attorney fees.

{¶7} Hardin opposed the motion, arguing that (1) despite relying on Civ.R. 11, the Naughtons failed to make any showing that her counsel acted with subjective bad faith with respect to signing any document, and (2) her claims were not frivolous. Although she was not successful on her claims, Hardin contended that at the very least her claims were supported by a good faith argument for an extension, modification, or reversal of existing law. With respect to her nuisance claim, Hardin argued that, although the trial court concluded that she did not have a legal interest in her view across the Naughtons' property, no single case has expressly so held. As to the zoning-ordinance claim, Hardin pointed out that part of her claim survived summary judgment. As for the claim relating to the playground equipment, she argued that no published case exists construing the Bay Village lakefront yard ordinance, or even any record from the Bay Village Building Department where the ordinance has been considered in a case similar to the instant one. Hardin further argued that her claim was consistent with a 2003 memorandum from the building director to the board of zoning

---

[3] Although Charles Hardin was not a named plaintiff in the action or counsel of record, he took a very active role in the litigation (attended every pretrial and hearing) and was treated as "in privity" with his wife by his wife's own attorney.

appeals, recognizing that the lakefront yard ordinance was intended to protect views. Finally, Hardin acknowledged that her "conversion" claim was mischaracterized but that the facts underlying the claim would have stated a valid claim under R.C. 901.51, and that her failure to timely move to amend her complaint to restate her claim did not amount to frivolous conduct.

{¶8} Hardin further disputed the Naughtons' claim of her bad motive in pursuing the action. According to Hardin, she brought the action to address the harm to her property value as a result of the obstruction created by the Naughtons. As for the Naughtons' claim that she improperly "aggressively" pursued the litigation with an ulterior motive to increase the Naughtons' legal costs, Hardin countered that the Naughtons never sought any court intervention limiting discovery or any other matter. Nor did they ever raise any claim of frivolous conduct prior to their obtaining summary judgment. And according to Hardin, she and her husband have been the victims of the Naughtons' ongoing crusade to interfere with the enjoyment of their property, and that even after the trial court's decision on summary judgment, the Naughtons have resumed their harassment and unneighborly behavior.

{¶9} Following the trial court's consideration of the briefs, exhibits attached thereto, and authority cited therein, the trial court ultimately denied the Naughtons' motion, noting the following:

> The court hereby finds that plaintiff prosecuted her claim based on a

good faith argument for an extension, modification, or reversal of existing law and sufficiently supported her complaint with a good faith argument for the establishment of new law. As such, the court further finds that plaintiff's actions and conduct within the instant matter do not rise to "frivolous conduct" as defined in R.C. 2323.51.

{¶10} It is from this decision that the Naughtons now appeal.

<u>Civ.R. 11 and R.C. 2323.51</u>

{¶11} In their sole assignment of error, the Naughtons argue that the trial court improperly denied their motion for an award of reasonable attorney fees and expenses. They argue that they are entitled to such an award under both Civ.R. 11 and R.C. 2323.51 due to Hardin's frivolous conduct.

{¶12} Ohio law provides two separate mechanisms for an aggrieved party to recover attorney fees for frivolous conduct: R.C. 2323.51 and Civ.R. 11. *Bikkani v. Lee,* 8th Dist. No. 89312, 2008-Ohio-3130, ¶ 18. Although both authorize the award of attorney fees as a sanction for frivolous conduct, they have separate standards of proof and differ in application. *Id.*

{¶13} Civ.R. 11 governs the signing of pleadings, motions, and other documents and provides in pertinent part that:

> The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for

delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. Similar action may be taken if scandalous or indecent matter is inserted.

{¶14} R.C. 2323.51, conversely, applies an objective standard in determining frivolous conduct, as opposed to a subjective one. *State Farm Ins. Co. v. Peda*, 11th Dist. No. 2004-L-082, 2005-Ohio-3405. The finding of frivolous conduct under R.C. 2323.51 is determined without reference to what the individual knew or believed. *Ceol v. Zion Indus., Inc.*, 81 Ohio App.3d 286, 289, 610 N.E.2d 1076 (9th Dist.1992).

{¶15} Initially, we note that, aside from citing to Civ.R. 11, the Naughtons' arguments both in the trial court and on appeal are limited to R.C. 2323.51. Indeed, the Naughtons raised no argument in the trial court as to Hardin's counsel acting with subjective bad faith with respect to signing any document. We therefore find no error in the trial court denying their motion insofar as it related to Civ.R. 11 and focus our analysis on R.C. 2323.51.

{¶16} "R.C. 2323.51 provides for an award of attorney fees to a party harmed by 'frivolous conduct' in a civil action." *Moss v. Bush*, 105 Ohio St.3d 458, 2005-Ohio-2419, 828 N.E.2d 994, fn. 3. Under the statute, the General Assembly expressly vests the decision to award sanctions, including an award of reasonable attorney fees, in the court. *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350,

957 N.E.2d 19, ¶ 10, citing R.C. 2323.51(B)(1). As such, we will not reverse a lower court's decision on whether to award sanctions under R.C. 2323.51 absent an abuse of discretion. *Id.* at ¶ 11. To prove an abuse of discretion, appellant must prove that the trial court's decision denying sanctions was unreasonable, arbitrary, or unconscionable. *Id.*

{¶17} "Frivolous conduct" is defined under R.C. 2323.51, in pertinent part, as conduct that satisfies the following:

> (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

> (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law. * * *

R.C. 2323.51(A)(2)(a)(i) and (ii). In determining whether the claim itself is frivolous, the test is whether no reasonable lawyer would have brought the action in light of the existing law. *The James Lumber Co. v. Nottrodt*, 8th Dist. No. 97288, 2012-Ohio-1746, ¶ 25, citing *Orbit Elec., Inc. v. Helm Instrument Co.*, 167 Ohio App.3d 301, 2006-Ohio-2317, 855 N.E.2d 91 (8th Dist.).

{¶18} Relying on the above two statutory definitions, the Naughtons claim that the trial court should have granted their motion because Hardin engaged in frivolous conduct.

We disagree.

{¶19} The Naughtons first contend that the record overwhelmingly demonstrates that Hardin's conduct in this action served only to harass or maliciously injure them. But the trial court considered and rejected this argument. Notably, as acknowledged by the parties, the trial judge was actively involved in this case, which included presiding over four settlement conferences trying to facilitate a resolution to the claims. Here, there is no doubt that the trial judge was in the best position to appraise the conduct of the parties, and we must, therefore, absent an abuse of discretion, defer to the trial court's ruling. Based on the record before us, we find no abuse of discretion.

{¶20} Next, the Naughtons restate the same arguments raised in their motion for reasonable attorney fees with respect to Hardin's claims being unwarranted under existing law and that she has made no good faith argument for an extension, modification, or reversal for existing law. While it is true the bulk of Hardin's claims did not withstand a motion for summary judgment, the mere fact that she was not successful on her claims does not warrant the award of sanctions. *See Miller v. Miller*, 5th Dist. No. 11CA020, 2012-Ohio-2905, ¶ 18 ("R.C. 2323.51 does not purport to punish a party for raising an unsuccessful claim"). Here, we agree with the trial court that Hardin set forth a good faith argument for an extension, modification, or reversal of existing law with respect to her nuisance and zoning ordinances claims. As for the conversion claim, the record reveals that a proper claim exists based on the underlying facts alleged in that count;

Hardin, however, failed to timely request leave to amend her complaint to include such a claim and improperly sought to assert the claim in her brief in opposition to the Naughtons' motion for summary judgment. Given that R.C. 2323.51 is not intended to punish mere misjudgment or tactical error, we find that the trial court properly denied sanctions for the pleading of this count. *See Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857 (1st Dist.).

{¶21} Further, although the Naughtons obviously disagree with the trial court's decision on their motion for sanctions, they fail to demonstrate how the trial court abused its discretion in denying their motion. Indeed, R.C. 2323.51 does not mandate the award of sanctions if a trial court finds frivolous conduct as defined under the statute — instead, the statute bestows the trial court with discretion to impose sanctions. *ABN Amro Mtge. Group, Inc. v. Evans*, 8th Dist. No. 98777, 2013-Ohio-1557, ¶ 13. After a careful review of the record, we simply cannot say that the trial court abused its discretion in denying the Naughtons' motion.

{¶22} The sole assignment of error is overruled.

{¶23} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR