[Cite as *Marconi v. Savage*, 2013-Ohio-3805.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99163**

## ELAINE MARCONI

PLAINTIFF-APPELLANT

vs.

## CORRINE SAVAGE, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-763485

**BEFORE:** Stewart, A.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 5, 2013

**ATTORNEYS FOR APPELLANT**

Dan A. Morell, Jr.
Michael D. Schmit
Dan Morell & Associates L.L.C.
250 Spectrum Office Building
6060 Rockside Woods Boulevard
Independence, OH    44131


**ATTORNEYS FOR APPELLEE**

James L. Defeo
Frank R. Desantis
Thompson Hine L.L.P.
3900 Key Center
127 Public Square
Cleveland, OH    44114

MELODY J. STEWART, A.J.:

**{¶1}** Plaintiff-appellant Elaine Marconi filed this declaratory judgment action to quiet title to an easement allowing her access to a residential driveway she shared with defendants-appellees Corrine and Alvin Savage. The Savages were divorced before this action was filed and Corrine is the sole owner of her house, so we shall use the singular form "Savage." The substance of Marconi's action was that Savage, without obtaining necessary building permits, erected a fence on the driveway that encroached on her property and that Savage did so with intent to interfere with her use and enjoyment of the property and cause her emotional distress. Savage argued that these claims were res judicata, having been the subject of a settlement agreement reached in 2002 and most recently enforced by the court in 2011. The court granted summary judgment on Savage's motion.

**{¶2}** We agree, consistent with principles of res judicata, that all of Marconi's present claims have been, or could have been, resolved in the prior litigation between the parties. In so concluding, we find that Marconi is bound by the terms of the 2002 settlement agreement that the court most recently enforced, in similar litigation, in 2011. Finally, we see no equitable basis for denying preclusive effect to the prior litigation between the parties because Marconi offers no plausible basis for failing to bring her claims at any previous point. The court did not err by finding that Marconi is precluded from raising them in this case.

# I

**{¶3}** We review the facts forming the basis of the court's summary judgment most favorably to Marconi, the nonmoving party. *See* Civ.R. 56(C).

**{¶4}** Marconi and Savage live next door to each other, separated by a driveway owned by Savage. Marconi has an easement on the driveway that allows her access to her garage. In 1997, Marconi's late mother, the prior owner of Marconi's property, filed suit against Savage. The mother alleged that Savage interfered with her easement by parking vehicles in the driveway and obstructing the path to the garage. Marconi's mother died before any judgments could be rendered, and the court dismissed the action with prejudice.

**{¶5}** In 2002, Marconi was the executor of her mother's estate and later bought her late mother's house. She filed a complaint against Savage in her capacity as executor of the estate and sought a temporary restraining order to bar Savage from pouring a concrete curb to divide the driveway. She alleged that, if constructed, the curb would deprive the estate of the benefit of the easement to use the driveway. Marconi also complained that Savage allowed her "invitees and licensees" to park their vehicles in the easement and obstruct access.

**{¶6}** In October 2002, the parties informed the court that they agreed to settle their differences. They read the terms of their settlement into the record, expressly recognizing that the court retained jurisdiction to enforce the terms of the settlement. As relevant here, the settlement contained terms relating to the use of a "gate," presumably

attached to a fence. The parties agreed that Savage "shall only keep [her] gate open for ingress and egress purposes, not to be used to block the ingress or egress of [Marconi]."

**{¶7}** In 2010, Marconi filed a motion to enforce the settlement agreement by requiring Savage to "remove a fence which is trespassing on the Plaintiff's real property." Marconi offered an affidavit in which she admitted that she knew about the alleged encroachment — a total of three inches — as early as 2004. At a full evidentiary hearing on the motion to enforce the settlement agreement, Savage testified the fence in question had been "in place and in the same location when the 2002 settlement was entered into." The court concluded that there had been "no material breach" of the settlement agreement and expressly ordered that "both the easement and fence should remain in place." Finally, the court admonished the parties to "be respectful to each other" and maintain their property in a reasonable condition. Marconi did not appeal from this order.

**{¶8}** The claims presently before this court relate to the fence. Marconi alleged that Savage failed to obtain a building permit before erecting the fence, that the fence encroaches onto her property, and that Savage has denied her the use and enjoyment of her property and easement.

**{¶9}** Savage sought summary judgment on grounds that any claims relating to the fence were res judicata. She argued that the fence had been in place in 1997 at the time Marconi's mother first initiated litigation; that the 2002 settlement agreement incorporated the fence and any boundary disputes between the parties; and that the court's

2010 order denying Marconi's motion to enforce the settlement agreement expressly found that the fence did not violate the terms of the settlement agreement.

{¶10} In a written opinion, the court granted Savage's motion for summary judgment. The court found that the 2002 settlement agreement was a valid, prior decision on the merits and that decision was binding on Marconi. The court found that Marconi personally participated in the 2002 action and settlement, as well as the 2010 enforcement proceeding, so she could have raised issues relating to the fence at those times.

{¶11} The court also granted Savage's motion to dismiss Marconi's claim for intentional infliction of emotional distress. It found that her allegations of Savage's conduct did not rise to the level of extreme or outrageous conduct necessary to state a claim for intentional infliction of emotional distress and that the facts, as alleged, would not entitle Marconi to relief.

II

{¶12} Marconi's first four assignments of error collectively raise issues relating to the summary judgment and the court's finding that her claims relating to Savage's fence were res judicata. She primarily argues that the court erred by finding the present action involved the same parties or their privies as an earlier action — she claims she did not participate in either the 1997 action and that her participation in the 2002 action was solely as a fiduciary to her mother's estate.

A

**{¶13}** In *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), the syllabus sets forth the general principles of res judicata: "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."

**{¶14}** Not only must the claim arise out of the same transaction or occurrence for principles of res judicata to apply, "the parties to the subsequent action must be identical to or in privity with those in the former action." *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, ¶ 8. Although there are no clear definitions of what constitutes privity for purposes of res judicata, *Brown v. Dayton*, 89 Ohio St.3d 245, 248, 730 N.E.2d 958 (2000), privity will exist when "a person succeed[s] to the interest of a party or ha[s] the right to control the proceedings or make a defense in the original proceeding." (Citations omitted.) *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 9. And there are circumstances in which a "broader" definition of privity will apply for purposes of res judicata — for example, when "the relationship between the one who is a party on the record and another is close * * *." *Thompson v. Wing*, 70 Ohio St.3d 176, 184, 637 N.E.2d 917 (1994), quoting *Bruszewski v. United States*, 181 F.2d 419, 423 (3d Cir.1950) (Goodrich, J., concurring).

B

**{¶15}** The uncontested facts show that Marconi acted as executor of her mother's estate. In that capacity, she filed the 2002 complaint and actively participated in the settlement agreement between the parties. Although Marconi did not own the property at

the time (she became the owner in November 2002, after the settlement agreement had been reached), she had apparently been in the process of purchasing the property during that litigation. As part of the 2002 litigation, Marconi filed a brief in support of a motion for a restraining order in which she claimed that her brother lived in the house following her mother's death, but vacated the premises in December 2001. Marconi said that she began renovating the house in her capacity as executor of the estate, but also said that she moved into the house on September 1, 2002 — before the parties settled the 2002 litigation. She told the court that after commencing renovations, "she has encountered many instances of conflict" with Savage. These instances included occasions when Savage or Savage's friends or contractors blocked the driveway, "prohibiting * * * Marconi from ordinary and customary use of ingress and egress purposes [sic]." And in the transcript of the settlement agreement, Marconi made a reference to the house being "my property."

C

{¶16} Without meaning to impugn Marconi's conduct as fiduciary, there was such an undeniable blurring of the line between her duties as fiduciary and her interest as a prospective owner of the property that the court could find that she succeeded to the interests of her mother's estate. Although the 2002 complaint consistently referred to Marconi as a fiduciary and that Savage's actions injured the estate, by the time the parties settled that case in open court, Marconi appeared to be acting on her own behalf and not on behalf of the estate. Even though she did not own the house at the time the parties

settled the 2002 action, Marconi was in the process of buying it. What is more, she was actively remodeling the house for her own benefit. Finally, she referred to herself in the first person in a brief in support of the motion for a temporary restraining order. All of these facts belied any claim that she was acting solely for the estate. By the time the parties settled the 2002 action, Marconi's actions as fiduciary for the estate were inuring to her own benefit. This was enough to put her in privity with the estate, particularly under the "broader" definition of privity mentioned in *Thompson* that applies given Marconi's close relationship to the interests of the estate.

{¶17} Even without the facts showing Marconi to be in privity with the estate, Marconi's argument that she is not in privity with the estate is one that seeks to have it both ways. She cannot consistently argue that she was not in privity with the 2002 settlement agreement when she personally sought to enforce that settlement for her own benefit in 2010. The mother's estate closed in 2002, at which time Marconi's duties as executor terminated. The only way that Marconi would have standing to enforce the 2002 settlement agreement would be if she was a third-party beneficiary to that settlement agreement. She made no such claim. In fact, Marconi's affidavit attached to her motion to enforce the settlement agreement specifically noted that her mother was the fee owner of the property at the time of the 2002 action, but Marconi nonetheless characterized herself as a "party" to that action. While it is true that Marconi's status as executor of the mother's estate made her a party to the 2002 action, the 2010 motion to enforce the settlement agreement was not predicated on Marconi being the fiduciary of her mother's

estate. Marconi brought the motion to enforce the settlement agreement in her personal capacity. And in doing so, she did not claim standing to enforce the settlement agreement as a third-party beneficiary to that settlement agreement. At all events, Marconi sought to enforce the settlement agreement as though she was a personal signatory to the settlement agreement and not a fiduciary to her mother's estate. This being the case, she cannot credibly argue that she was not in privity with the 2002 settlement.

D

{¶18} Having determined that the court did not err by finding that Marconi was in privity with the 2002 settlement agreement, we have little difficulty in finding that the present action relating to the placement of the fence is res judicata because that issue was raised in the 2010 proceedings to enforce the settlement agreement.

{¶19} The fence has been a sore point with Marconi for many years. The 2002 settlement agreement specifically mentioned a "gate" and the transcript shows that Marconi was concerned that the gate impeded her access to the driveway. By 2010, Marconi specifically raised the placement of the fence as an issue — her motion to enforce the 2002 settlement agreement was premised on the theory that the placement of Savage's fence constituted a "trespass" on her property. The court rejected this argument, finding that "both the easement and fence should remain in place." Admittedly, the record of proceedings from the 2010 enforcement action is sparse, but there is no question that Marconi raised the issue of the fence constituting a trespass on

her property and the court rejected that argument. This constituted a valid, final judgment between the parties, so any issues relating to the placement of the fence in the present action are res judicata.

E

{¶20} Finally, Marconi argues that even if the court was correct in finding that the present action relating to the fence is res judicata, the court erred by not finding that principles of justice and fairness demand that her claims be considered in this action.

{¶21} The Supreme Court has noted that "res judicata is not a shield to protect the blameworthy." *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 491, 2001-Ohio-1593, 756 N.E.2d 657. Consequently, it has held that "[t]he binding effect of res judicata has been held not to apply when fairness and justice would not support it." *State ex rel. Estate of Miles v. Piketon*, 121 Ohio St.3d 231, 2009-Ohio-786, 903 N.E.2d 311, ¶ 30.

{¶22} We reject Marconi's argument that fairness and justice weigh heavily in favor of allowing her to argue that Savage's fence should be removed to give her the full benefit and use of her property. The fence has been a matter of controversy ever since Savage first considered constructing it in 1997. It is unclear exactly when the fence was built, but certainly it was in place by 2002. By her own admission, Marconi knew in 2004 that the fence encroached onto her property because she commissioned a survey on the property to make that very determination. Yet she waited until 2010 to make any mention of the fence constituting a trespass on her property. The claims made in this

action are identical to those raised in 2010: the 2010 motion to enforce the settlement agreement claim asked the court to remove "a fence which is trespassing on the Plaintiff's real property"; the 2012 complaint alleged that "Defendants have erected a fence which encroaches upon the Property owned by Plaintiff[.]" If the issues relating to the fence were not adjudicated to Marconi's satisfaction, it is only because she did not make it a priority. In any event, the journal entry denying the 2010 motion to enforce the settlement agreement considered those issues litigated and resolved; hence, the court's judgment that the fence remain in place.

{¶23} We also note that, to the extent principles of res judicata are to be applied with fairness and justice, Marconi offers no compelling reason to indicate why fairness would require a rehearing of any issues relating to the fence. Equity aids the vigilant. As encompassed in the affirmative defense of laches, a person is not entitled to relief when there has been an "[u]nreasonable delay; neglect to do a thing or to seek to enforce a right at a proper time." *Russell v. Fourth Natl. Bank*, 102 Ohio St. 248, 265, 131 N.E. 726 (1921). Marconi knew that Savage's fence encroached onto her property no later than 2004. Even if she had not litigated the issue to finality in 2010, she offers no reason whatsoever to explain why she delayed raising the issue until now, some eight years after she first learned of it. So even if we consider whether it was "fair" to apply preclusive effect to the 2010 judgment, Marconi's eight-year delay in enforcing her property boundaries was unreasonable and undeserving of special consideration.

F

{¶24} Civ.R. 56(C) permits the court to grant summary judgment when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.

{¶25} The uncontested facts show that, in response to Marconi's 2010 motion to enforce the terms of a 2002 settlement agreement and her claim that Savage's fence encroached onto her property, the court determined in 2010 that Savage's fence should remain in place. That judgment finally determined the issue of the placement of the fence. Marconi was in privity with the 2002 settlement agreement because, despite acting as executor of her mother's estate, at the time she was in the process of buying the property and making renovations to it, so her actions as fiduciary to the estate plainly inured to her own benefit. Hence, the basic elements of res judicata were satisfied as to the 2010 judgment — a binding judgment on the parties and those in privity with the judgment. Finally, Marconi gave the court no reason to except her from the preclusive effect of the 2010 order denying her motion to enforce the terms of the 2002 settlement agreement. Even if the fence issue had not been raised in 2002 and resolved in 2010, Marconi conceded she waited some eight years to bring the claim. Having offered no compelling reason to explain this delay, the court did not err by giving preclusive effect to the 2010 judgment. Summary judgment was proper.

III

{¶26} In addition to granting summary judgment on the claims relating to the fence, the court granted a Civ.R. 12(B)(6) motion to dismiss Marconi's claim for intentional infliction of emotional distress. The court found that Savage's conduct, as

alleged by Marconi, did not rise to the level of extreme or outrageous conduct necessary to support the claim. Marconi complains that dismissal was improper because the allegations of the complaint were sufficient to defeat a Civ.R. 12(B)(6) motion to dismiss.

**{¶27}** We employ a de novo standard of review for motions to dismiss filed pursuant to Civ.R. 12(B)(6), *Greeley v. Miami Valley Maintenance Contrs., Inc*., 49 Ohio St.3d 228, 551 N.E.2d 981 (1990), and accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991). A motion to dismiss for failure to state a claim upon which relief can be granted can only be granted when it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to relief. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14.

**{¶28}** To establish a claim for intentional infliction of emotional distress, a plaintiff must prove the following elements: (1) the defendant intended to cause, or knew or should have known that his actions would result in serious emotional distress; (2) the defendant's conduct was so extreme and outrageous that it went beyond all possible bounds of decency and can be considered completely intolerable in a civilized community; (3) the defendant's actions proximately caused psychological injury to the plaintiff; and (4) the plaintiff suffered serious mental anguish of a nature no reasonable person could be expected to endure. *Ashcroft v. Mt. Sinai Med. Ctr*., 68 Ohio App.3d 359, 366, 588 N.E.2d 280 (8th Dist.1990).

{¶29} "Only the most extreme wrongs, which do gross violence to the norms of a civilized society, will rise to the level of outrageous conduct." *Brown v. Denny*, 72 Ohio App.3d 417, 423, 594 N.E.2d 1008 (2d Dist.1997). It is not enough that the defendant acted with intent to cause emotional distress. Liability will be found only where "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Yeager v. Local Union 20*, 6 Ohio St.3d 369, 374, 453 N.E.2d 666 (1983).

{¶30} Count 5 of the complaint alleged that Savage "intentionally engaged in continuous and persistent conduct, including threatening and harassing behavior, directed toward Plaintiff." The complaint further alleged that these continuous and persistent threats and harassment "have directly and proximately caused Plaintiff severe emotional distress * * *."

{¶31} The allegation that Savage engaged in threats and harassment was by itself insufficient to satisfy the element that the conduct complained of was so extreme and outrageous that it went beyond all possible bounds of decency and can be considered completely intolerable in a civilized community. In *Lombard v. Mahoney*, 8th Dist. Cuyahoga No. 92608, 2009-Ohio-5826, we noted that society tolerates a certain amount of "rough language" and that the type of vulgarities that are actionable for intentional infliction of emotional distress are of a kind that society would find wholly intolerable. *Id*. at ¶ 9-10. The complaint did not state what words Savage allegedly said to Marconi.

On that basis, the court could not find that anything Savage allegedly said to Marconi was so outrageous to establish as a matter of law the tort of intentional infliction of emotional distress. *See Reamsnyder v. Jaskolski*, 10 Ohio St.3d 150, 153, 462 N.E.2d 392 (1984); *Mann v. Cincinnati Enquirer*, 1st Dist. Hamilton No. C-090747, 2010-Ohio-3963, ¶ 26.

**{¶32}** Judgment affirmed.

It is ordered that appellee recover of appellant her costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR