[Cite as *Marconi v. Savage*, 2016-Ohio-289.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 102619

---

# ELAINE MARCONI

### PLAINTIFF-APPELLANT

vs.

# CORRINE SAVAGE, ET AL.

### DEFENDANTS-APPELLEES

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-11-763485

**BEFORE:** Laster Mays, J., Jones, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 28, 2016

**ATTORNEYS FOR APPELLANT**

J. Michael Drain
147 Bell Street, Suite 202
Chagrin Falls, Ohio 44022

Scott M. Kuboff
Joseph J. Triscaro
DeMarco & Triscaro Ltd.
30505 Bainbridge Road, Suite 110
Solon, Ohio 44139

Dan A. Morell
Michael D. Schmit
Dan Morell & Associates Co.
250 Spectrum Office Building
6060 Rockside Woods Boulevard
Independence, Ohio 44131


**ATTORNEYS FOR APPELLEE**

Frank R. Desantis
James L. Defeo
Hope Y. Lu
Thomas M. Rizert
Thompson Hine L.L.P.
3900 Key Center
127 Public Square
Cleveland, Ohio 44114

ANITA LASTER MAYS, J.:

{¶1} Plaintiff-appellant Elaine Marconi ("Marconi") appeals the trial court's denial of: (1) Marconi's request to engage in additional discovery against defendant-appellee Corrine Savage ("Savage"); (2) Marconi's motion for attorney fees pursuant to R.C. 2323.51(A) based on Savage's frivolous conduct; and (3) Marconi's request for a hearing on the issue of attorney fees. We find these arguments to be without merit and affirm the findings of the trial court.

## I. BACKGROUND AND FACTS

{¶2} This court entertained a prior appeal in *Marconi v. Savage*, 8th Dist. Cuyahoga No. 99163, 2013-Ohio-3805, *appeal not accepted*, *Bank of Am., N.A. v. Mark*, 137 Ohio St.3d 1474, 2014-Ohio-176, 2 N.E.3d 269 ("*Marconi I*"). We draw from that opinion in formulating a concise history of this dispute, because a clear understanding of the background is a prerequisite to addressing Marconi's post-dismissal arguments.

{¶3} Marconi and Savage are neighbors. Savage owns the driveway between the properties. Marconi possesses an easement that allows her to access her garage. Marconi purchased her home from her mother's estate. *Id.* at ¶ 4. The mother sued Savage in 1997 for interfering with her easement interest by parking vehicles in the driveway, obstructing access to Marconi's garage. The mother died prior to judgment and the action was dismissed with prejudice. *Id.*

{¶4} Marconi filed for a temporary restraining order while serving as the executor of her mother's estate to prevent Savage from pouring a concrete curb dividing

the driveway and due to parking by Savage's visitors obstructing Marconi's access. *Id.* at ¶5. An agreed entry settling the case was entered into and read into the record on October 2002. The entry included a retention of jurisdiction clause by the court, if required to enforce the agreement. The agreement also provided that the gate between the properties was to remain open for ingress and egress and was not to be used to block Marconi's access. *Id.* at ¶ 6.

{¶5} Marconi filed to enforce the settlement agreement in 2010, requesting the removal of a fence that had been constructed by Savage that was trespassing onto her property. Marconi admitted knowledge of the three-inch encroachment at the time of the 2002 settlement. The trial court determined that no material breach of the settlement agreement had occurred and ordered that the easement and fence remain in place. The parties were directed to respect each other and maintain their properties in reasonable condition. *Id.* at ¶ 7.

{¶6} In 2011, Marconi filed the pending action to quiet title, for declaratory judgment regarding the easement, the fence encroachment by Savage and other relief relating to harassment and misconduct by Savage. Marconi alleged Savage erected a fence on the driveway without obtaining building permits and that the fence encroached on her property. The complaint also alleged that Savage intended to interfere with Marconi's use of the property and caused her emotional distress. The trial court granted summary judgment in Savage's favor based on res judicata and held that Savage's conduct did not rise to the level of extreme and outrageous conduct required to support a

finding of emotional distress.

**{¶7}** This court affirmed the trial court's decision in *Marconi I*:

We agree, consistent with principles of res judicata, that all of Marconi's present claims have been, or could have been, resolved in the prior litigation between the parties. In so concluding, we find that Marconi is bound by the terms of the 2002 settlement agreement that the court most recently enforced, in similar litigation, in 2011. Finally, we see no equitable basis for denying preclusive effect to the prior litigation between the parties because Marconi offers no plausible basis for failing to bring her claims at any previous point. The court did not err by finding that Marconi is precluded from raising them in this case.

*Id.* at ¶ 2.

**{¶8}** We also concluded in *Marconi I*:

The allegation that Savage engaged in threats and harassment was by itself insufficient to satisfy the element that the conduct complained of was so extreme and outrageous that it went beyond all possible bounds of decency and can be considered completely intolerable in a civilized community. * * *

The complaint did not state what words Savage allegedly said to Marconi. On that basis, the court could not find that anything Savage allegedly said to Marconi was so outrageous to establish as a matter of law the tort of intentional infliction of emotional distress.

*Id*. at ¶ 31.

**{¶9}** Upon return to the trial court to entertain the counterclaims, changes of counsel occurred. Savage filed for leave to amend the counterclaim and Marconi filed a 46-page objection. Marconi argued that Savage's claims were groundless and that she had become the neighborhood bully, threatening to sue everyone.

**{¶10}** The court extended discovery to September 2014. Marconi filed a

response to the amended counterclaims and asserted that Savage had been harassing her, storing garbage in front of Marconi's house, releasing vicious dogs, and caused damage to Marconi's property by constructing a carport resulting in run-off and impeding access.

{¶11} On September 15, 2014, both parties filed dispositive motions. Savage filed for partial summary judgment claiming that she was entitled to the declaratory judgment (Count 2 of her amended counterclaim) for Marconi's abandonment of the easement as evidenced by a building permit that had been secured by Marconi who acquired an adjacent lot that included a driveway Marconi could use to access her property. She also claimed entitlement to judgment on her action to quiet title since the new driveway access constituted an abandonment of the easement (Count 4). Savage also sought judgment on three of Marconi's affirmative defenses because (1) any claim was waived by the 2002 agreement; (2) there is no evidence supporting estoppel; and (3) there are no circumstances supporting compulsory joinder.

{¶12} The motion was supported by affidavits from Savage and from one of Savage's attorneys who possessed actual knowledge regarding the 2010 issues as well as public records obtained regarding Marconi's building permit. There are also photographs depicting the driveway and fence and a copy of related deeds.

{¶13} Savage claimed that, during the fall of 2014, Marconi applied for a building permit with the city of Cleveland to build a fence along her easement. The application was accompanied by an affidavit stating she purchased the adjacent lot at 7908 Maryland Avenue that contains a driveway and garage and that she would not use the common

driveway, "that I am removing." Savage said that Marconi excavated the easement area and built a six-foot fence around the area that blocked her access to the garage via the shared driveway.

{¶14} Marconi sought summary judgment on all counterclaims. She stated that Savage's counterclaims were groundless and brought in bad faith. Her motion recounted a pattern of harassment that existed for years and continued up to the date of the filing.

{¶15} The motion included a link to an authenticated Youtube video filmed by a WKYC television news investigation crew depicting a 1997 encounter between Marconi, her 87-year-old mother and Savage's ex-husband, Alvin Savage, Jr., who is no longer a party to this case. Alvin was parked in the shared area of the driveway so that Marconi and her mother could not get in or out instead of parking in the garage area that would not have impeded access. Alvin, who did not respond politely, eventually moved the car. The clip closes with a reference to the lawsuit that Marconi's mother subsequently filed.

{¶16} The motion also recounts the history of lawsuits and Savage's violations of Cleveland property ordinances. Marconi argued that Savage has ignored the terms of the settlement agreement by blocking the driveway with vehicles and trash containers and erecting a fence on Marconi's property without a building permit. Savage also releases her dogs into the yard when Marconi entertains guests in her backyard. A number of Youtube videos are proffered to substantiate the activities complained of and Savage also complained to the city about the condition of Marconi's property and more.

{¶17} Marconi defends that she was constructively ejected from the easement by

Savage's continued interference, so the intent required to establish abandonment was lacking. Marconi also argued that she erected the fence to protect herself and guests from the campaign of harassment and that Savage's testimony at a 2011 housing hearing declaring that Marconi's and Savage's property consisted of two driveways, side by side, constitutes judicial estoppel. Marconi supported her motion with an affidavit accompanied by 293 exhibits.

{¶18} On September 19, 2014, just four days after the dispositive motions were filed by the parties, Savage dismissed all claims without prejudice. Marconi filed for a motion for attorney fees based on R.C. 2323.51, Civ.R. 11 and for conduct in bad faith, alleging that Savage's counterclaims were just another step in the long-term pattern of harassment against Marconi. Marconi also sought discovery to substantiate the motion and filed a motion to compel. An affidavit by Marconi's friend, Tom Meyer, accompanied by a number of exhibits, was filed in November 2014, supporting Marconi's claims.

{¶19} In January 2015, the trial court issued an entry denying the motions for attorney fees and to compel discovery. The court granted a protective order to Savage and her counsel barring additional discovery and stated they need not respond to outstanding discovery. Finally, the trial court held that "plaintiff is hereby barred from submitting any further discovery requests in this matter to defendant Savage or her counsel." This appeal ensued.

## II. ASSIGNMENTS OF ERROR

**{¶20}** Marconi argues the trial court erred by (1) denying Marconi the right to discovery regarding the bad faith counterclaims and frivolous conduct; (2) denying attorney fees pursuant to R.C. 2323.51(A) for frivolous conduct and Civ.R. 11 sanctions; and (3) denying Marconi's request for a hearing regarding the attorney fees based on Savage and her counsel's conduct, constituting an abuse of discretion. We find the assigned errors to be without merit and affirm the trial court's judgment.

### A. Bad Faith, Sanctions, and Attorney Fees

**{¶21}** We begin with Marconi's second assignment of error.

**{¶22}** "Ohio law provides two separate mechanisms for an aggrieved party to recover attorney fees for frivolous conduct: R.C. 2323.51 and Civ.R. 11." *Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 18. "Although both authorize the award of attorney fees as a sanction for frivolous conduct, they have separate standards of proof and differ in application." *Id.*; *Harden v. Naughton*, 8th Dist. Cuyahoga No. 99182, 2013-Ohio-2913, ¶ 12.

### 1. R.C. 2323.51

**{¶23}** The discretion to award sanctions and attorney fees under R.C. 2323.51 is legislatively vested in the trial court. Therefore,

> [A] decision on whether to award sanctions under R.C. 2323.51 will not be reversed absent an abuse of discretion. *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 11, citing *Ron Scheiderer & Assocs. v. London,* 81 Ohio St.3d 94, 98, 689 N.E.2d 552 (1998).

*Brown v. Carlton Harley-Davidson, Inc.*, 8th Dist. Cuyahoga No. 101494,

2014-Ohio-5157, ¶ 6.   An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."   (Citations omitted.)   *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶24}**   The standard for determining frivolous conduct under R.C. 2323.51 is objective.   It "is determined without reference to what the individual knew or believed." *Hardin v. Naughton*, 8th Dist. Cuyahoga No. 99182, 2013-Ohio-2913, ¶ 14, citing *State Farm Ins. Co. v. Peda*, 11th Dist. Lake No. 2004-L-082, 2005-Ohio-3405, and   *Ceol v. Zion Indus., Inc.*, 81 Ohio App.3d 286, 289, 610 N.E.2d 1076 (9th Dist.1992).

**{¶25}**   The Ohio Supreme Court has elaborated:

Frivolous conduct, as contemplated by R.C. 2323.51(A)(2)(a), is judged under an objective, rather than a subjective standard, * * *   and must involve egregious conduct.   Frivolous conduct is not proved merely by winning a legal battle or by proving that a party's factual assertions were incorrect. *Ohio Power Co. v. Ogle*, 4th Dist. Hocking No. 12CA14, 2013-Ohio-1745, ¶ 29-30 ("A party is not frivolous merely because a claim is not well-grounded in fact. * * * [R.C. 2323.51] was designed to chill egregious, overzealous, unjustifiable, and frivolous action. * * * [A] claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim"), quoting *Hickman v. Murray*, 2d Dist. Montgomery No. CA-15030, 1996 Ohio App. LEXIS 1028, 1996 WL 125916, *5 (Mar. 22, 1996).

*State ex rel. DiFranco v. S. Euclid*, 8th Dist. Cuyahoga No. 97713,  2015-Ohio-4915, ¶ 15.

**{¶26}**   A tripartite test is applied to determine whether R.C. 2323.51 has been violated:

First, the court must determine whether the claim was frivolous; and,

second, the court must determine whether the aggrieved party was adversely affected. R.C. 2323.51. If these determinations are made, the court then must finally determine what amount of reasonable attorney fees, costs, and expenses should be awarded to the aggrieved party. *Lable & Co. v. Flowers*, 104 Ohio App.3d 227, 661 N.E.2d 782 (1995); *Ceol v. Zion Industries, Inc.*, 81 Ohio App.3d 286, 610 N.E.2d 1076 (1992).

*Sigmon v. S.W. Gen. Health Ctr.*, 8th Dist. Cuyahoga No. 88276, 2007-Ohio-2117, ¶ 14.

**{¶27}** The statute defines two types of frivolous conduct, "(1) conduct that serves only to harass or maliciously injure the opposing party in a civil action; and (2) conduct that is unwarranted under existing law and for which there is

no good faith argument for an extension, modification, or reversal of existing law." *Id*. at ¶ 16, citing R.C. 2323.51. Marconi argues that both components apply.

**{¶28}** Marconi's motions were triggered by Savage's Civ.R. 41 dismissal of the amended counterclaims without prejudice. The motions asserted that Savage and her counsel dismissed the claims because they knew that they were groundless when instituted, and that the counterclaims, as amended, were only advanced to harass Marconi and to cause her to incur legal bills.

**{¶29}** A party has an absolute right to one dismissal without prejudice under Civ.R. 41(A)(1)(a):

> [E]xercising this right cannot be properly considered "frivolous conduct" pursuant to R.C. 2323.51. See *Sturm v. Sturm*, 63 Ohio St.3d 671, 590 N.E.2d 1214 (1992); *Gammons v. O'Neill*, 1994 Ohio App. LEXIS 3636 (8th Dist.1994); *Indus. Risk Insurers v. Lorenz Equip. Co.*, 69 Ohio St.3d

576, 579, 635 N.E.2d 14 (1994) (holding that "a trial court may not take any action that allows prejudice to flow from the plaintiff's first voluntary dismissal"); *Frazee v. Ellis Bros., Inc.*, 113 Ohio App.3d 828, 831, 682 N.E.2d 676 (1996) (holding that the court erred when it determined a party was not entitled to voluntarily dismiss the action pursuant to Civ.R. 41(A) after the court called the case for trial, because "a civil trial commences when the jury is empaneled and sworn, or, in a bench trial, at opening statements").

*Wheeler v. Best Emp. Fed. Credit Union*, 8th Dist. Cuyahoga No. 92159, 2009-Ohio-2139, ¶ 43. The dismissal here was the first dismissal and, standing alone, does not constitute a violation of R.C. 2323.51.

{¶30} Savage offers that each counterclaim was warranted under existing law and supported by fact as demonstrated by the record. We preface our analysis by stating that the mere fact that a claim may not be successful is not enough to warrant sanctions under R.C. 2323.51. *Reddy v. Plain Dealer Pub. Co.*, 2013-Ohio-2329, 991 N.E.2d 1158, ¶ 39 (8th Dist.), citing *Halliwell v. Bruner*, 8th Dist. Cuyahoga No. 77487, 2000 Ohio App. LEXIS 5896, *23-24 (Dec. 14, 2000).

{¶31} Count 4 of the amended counterclaim states that Marconi has abandoned the easement. Marconi argues that the claim is frivolous and is not supported by law because Savage constructively ejected Marconi by continuing acts of harassment. Cited to support the lack of legal basis is *L.I.D. Dev. Co. v. S. Euclid*, 8th Dist. Cuyahoga No. 67282, 1995 Ohio App. LEXIS 1864 (May 4, 1995). The test for abandonment under *L.I.D.* is nonuse as well as an affirmative intention to abandon the easement.

{¶32} The intent to abandon may be evidenced by acts demonstrating that intent. *Id*. at *6. Savage points to Marconi's City of Cleveland Affidavit for Homeowner's

Permit as evidence that Marconi abandoned the easement. Marconi stated in the affidavit that she intended to tear up and stop using the common driveway, and that she had purchased an adjacent lot and garage that she would use for ingress and egress for driveway purposes. Therefore, there is legal and factual support for this cause of action.

{¶33} Savage argues that the counterclaims for negligence, trespass, and nuisance were based on Marconi's "failure to maintain her property, negligently tearing up the driveway and installing rocks that caused water to flow underneath Appellee's driveway, and allowing her property to be used to videotape and conduct surveillance on Appellee, her daughter, and her visitors." Savage sets forth the case law governing a property owner's liability in negligence, nuisance, and trespass and details the activities that serve as support for those actions. This, again, demonstrates a legal and factual basis for the causes of action.

{¶34} The basis of the prescriptive easement claim is, as defined by Savage's asserted case law, an open and notorious use that is adverse to a neighbor's property rights, continuous, and lasts for 21 years or more.[1] Savage states Marconi's defense to this claim is that Savage's use was permissive. Yet Marconi's affidavit supporting summary judgment says that Savage trespasses every time she steps over the yellow line dividing the easement area, contradicting Marconi's argument as to permissive use. Savage has advanced a basis for the claim.

---

[1] *Harris v. Dayton Power & Light Co.*, 2d Dist. Montgomery No. 25636, 2013-Ohio-5234, citing *J.F. Gioia, Inc. v. Cardinal Am. Corp.*, 23 Ohio App.3d 33, 37, 491 N.E.2d 325 (8th Dist.1985).

**{¶35}** The counterclaim seeking that Marconi be designated a vexatious litigator is not wholly without foundation under the applicable statute, R.C. 2323.52(A)(3). Marconi has filed four lawsuits, including the current one, where this court affirmed the trial court's finding of res judicata in *Marconi I*.

**{¶36}** The last claim alleges a breach of the 2002 settlement agreement. The agreement includes an indemnification for damage caused to the driveway by Marconi's guests and that access to the driveway would not be blocked. The factual allegations in the record support a belief on the part of Savage that her access has been blocked or impeded.

**{¶37}** Based on the foregoing, we disagree that no reasonable lawyer would have brought this case in light of existing law. *Sigmon*, 8th Dist. Cuyahoga No. 88276, 2007-Ohio-2117, ¶ 14. The trial court did not abuse its discretion in denying the motion for sanctions under R.C. 2323.51.

### 2. Civ.R. 11

**{¶38}** R.C. 2323.51 and Civ.R. 11 are not in conflict. "A plain reading of R.C. 2323.51 and Civ.R.11 reveals that although different language is used, both the statute and the rule impose the same requirement on an attorney: to prosecute only claims having merit under existing law." *Sigmon* at ¶ 23. "A trial court's decision to deny Civ.R. 11 sanctions can be reversed only if the trial court abused its discretion." *Fitworks Holdings, L.L.C. v. Pitchford-El*, 8th Dist. Cuyahoga No. 88634, 2007-Ohio-2517, ¶ 13, citing *State ex rel. Fant v. Sykes*, 29 Ohio St.3d 65, 505 N.E.2d 966 (1987).

**{¶39}** We now shift from the objective analysis under R.C. 2323.51 to the subjective Civ.R. 11 standard, which is dependent on what the individual knew or believed:

> The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. Similar action may be taken if scandalous or indecent matter is inserted.

Civ.R. 11.

**{¶40}** Marconi argues that Savage's counsel did not act in good faith, did not examine the lack of evidence to support the counterclaims and signed off on assertions based on "phantom facts, with no basis in the law." She also asserts that Savage's conduct was willful and offered based upon "barren proof." Savage did not, Marconi argues, conduct an additional investigation to "yield a new basis for additional Counterclaims."

**{¶41}** We agree with Marconi's position that subjective bad faith and willful actions violate Civ.R. 11. *See, e.g., Slater v. Motorists Mut. Ins. Co.*, 174 Ohio St. 148, 151, 187 N.E.2d 45 (1961). We do not, however, find that the standard has been met in this case.

**{¶42}** In our analysis of R.C. 2323.51, we determined that the asserted grounds

for the amended counterclaims factually and legally meet the objective reasonable lawyer test. *State ex rel. DiFranco*, 8th Dist. Cuyahoga No. 97713, 2015-Ohio-4915, ¶ 15. We also find, based on that analysis, that the record does not support a finding of willfulness and bad faith in advancing those claims, or that Savage's attorney(s) (1) failed to read the pleading; (2) lacked grounds to support the pleading to the best of their knowledge, information, or belief; or (3) filed the pleading for purposes of delay. *Rindfleisch v. AFT, Inc.*, 8th Dist. Cuyahoga Nos. 84551, 84897, and 84917, 2005-Ohio-191, ¶ 16 (a trial judge must consider these three factors in determining whether a violation of Civ.R. 11 has occurred.)

## B.   Discovery for Bad Faith, Sanctions, and Attorney Fees

**{¶43}** We now address Marconi's first assignment of error arguing entitlement to discovery to support the imposition of sanctions and fees. We find that the trial court did not abuse its discretion in denying discovery.

**{¶44}** Marconi asserts that "[d]iscovery will expose the answers" to the grounds for sanctions and fees. Distilled, Marconi's arguments are based on the premise that *if* the grounds for the counterclaims were valid and made in good faith, *then* Savage would not have dismissed her claims. In order to prove the premise, Marconi seeks discovery. Marconi also states that "[t]he entire record of Appellee's case demonstrates the weakness of the counterclaim * * *." The question arises that, if that is the case, why is additional discovery required to prevail?

**{¶45}** Be that as it may, the Third Appellate District addressed the propriety of

discovery for Civ.R. 11 sanctions in *Holloway v. Holloway Sportswear, Inc.*, 2012-Ohio-2135, 971 N.E.2d 1001, ¶ 29 (3d Dist.). The court was guided by the federal case law interpretation of Fed.R.Civ.P. 11:

> For purposes of Fed.R.Civ.P. 11, federal circuit courts have concluded that trial courts "*must to the extent possible limit the scope of sanction proceedings to the record. Thus, discovery should be conducted only by leave of the court, and then only in extraordinary circumstances.*" *Amwest v. Mortg. Corp. v. Grady,* 925 F.2d 1162, 1165 (9th Cir.1991), quoting Fed.R.Civ.P. 11, Notes of 1983 Advisory Committee on Rules; *Borowski v. DePuy, Inc.*, 876 F.2d 1339, 1341 (7th Cir.1989), citing *Indianapolis Colts v. Mayor and City Council of Baltimore*, 775 F.2d 177, 183 (7th Cir.1985); *Donaldson v. Clark,* 819 F.2d 1551, 1560-1561 (11th Cir.1987); *McLaughlin v. Bradlee*, 803 F.2d 1197, 1205, 256 U.S. App. D.C. 119 (D.C. Cir.1986).

(Emphasis added.) *Holloway* at ¶ 29.

**{¶46}** We do not find that this case presents exceptional and extraordinary circumstances that would require delving into discovery or that the trial court abused its discretion in limiting the scope of the sanctions proceedings to the record. *Id.* To allow collateral proceedings on sanctions and fees to expand into a full blown relitigation of the underlying issues is not in accord with the purpose of the rule and statute:

> A motion for sanctions does not provide parties an opportunity to litigate fully—conduct discovery, present and cross-examine witnesses * * *." [*Klayman v. Barmak,* 602 F.Supp.2d 110, 117 (D.D.C. 2009)]. The 1983 Advisory Committee on Rules noted that the limitation on discovery during sanction proceedings was "[t]o assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions * * *." Fed.R.Civ.P. 11, 1983 Advisory Committee Notes.

*Holloway* at ¶ 29. The first assignment of error is overruled.

### C.     Hearing Denial

**{¶47}** Marconi's third assigned error is the trial court's denial of a hearing on sanctions and fees. However, this court has already determined that where a trial court has determined that the motions lack merit, "neither R.C. 2323.51 nor Civ.R. 11 require a trial court to conduct a hearing before denying a motion for attorney fees." *Reddy v. Plain Dealer Publishing Co.*, 2013-Ohio-2329, 991 N.E.2d 1158, ¶ 41 (8th Dist.), citing *Donaldson v. Todd*, 2007-Ohio-6504, 881 N.E.2d 280, ¶ 9 (10th Dist.); *First Place Bank v. Stamper*, 8th Dist. Cuyahoga No. 80259, 2002-Ohio-3109.

**{¶48}** The exception to the no hearing required rule is the "arbitrary" denial of a request for attorney fees.

> An arbitrary denial occurs when (1) the record clearly evidences frivolous conduct and (2) the trial court nonetheless denies a motion for attorney fees without holding a hearing. *Id.* Similarly, if an arguable basis exists for an award of sanctions under Civ.R. 11, a trial court must hold a hearing on the motion. *Fitworks Holdings, L.L.C. v. Pitchford-El*, 8th Dist. Cuyahoga No. 88364, 2007-Ohio- 2517, ¶ 14, citing *Capps v. Milhem*, 10th Dist. Franklin No. 03AP-251, 2003-Ohio-5212.

*Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 31.

**{¶49}** We do not find that the trial court acted arbitrarily in denying a hearing. The third assignment of error is overruled.

## III.    Conclusion

**{¶50}** The trial court's order is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

LARRY A. JONES, SR., A.J., and
SEAN C. GALLAGHER, J., CONCUR