## In re MIZE.

[Cite as *In re Mize* (1992), 82 Ohio App.3d 97.]

Court of Appeals of Ohio,
Hamilton County.

No. C–910547.

Decided Aug. 19, 1992.

*Sand & Stidham* and *Chuck R. Stidham; Gerald R. Glaser,* for appellant Estate of Lonzo Mize.

*Eugene Stagnaro,* for appellee Nola Baker Mize.

---

*Per Curiam.*

Lonzo Mize, decedent, and Nola Baker Mize ("the wife") were married on June 10, 1989. The previous day, on June 9, 1989, an antenuptial agreement was executed between the parties which contained no description of the nature

and value of the property of either party. The document was created by decedent.

Decedent died on May 17, 1990. The wife was appointed administratrix of decedent's estate on May 22, 1990. Decedent's will was admitted to probate and his son, Earl Denver Mize ("appellant"), was appointed executor on October 19, 1990. The court subsequently removed the wife as administratrix on October 22, 1990.

Decedent's will left nothing to the wife.[1] She subsequently filed an election to take against the will under R.C. 2107.39 and 2105.06 on November 7, 1990, and again on February 26, 1991. On November 28, 1990, appellant filed the antenuptial agreement allegedly executed between the wife and decedent. An inventory and appraisal of decedent's estate was filed on February 19, 1991, and exceptions to the inventory were filed by the wife on February 26, 1991.

A hearing was held on April 30, 1991, and the trial court entered its decision on May 30, 1991. The court held that the antenuptial agreement was invalid and that two bank accounts titled "Lonzo Mize and Earl Denver Mize Sr. As Joint Tenants with Right of Survivorship" and "Lonzo Mize or Denver Mize, Sr." must be included in the inventory of the estate.

In this appeal, appellant asserts two assignments of error. For the reasons that follow, we overrule one assignment and sustain the other assignment.

■  In his first assignment of error, appellant argues that the trial court erred in finding that the antenuptial agreement executed by the parties was invalid. We find appellant's argument to be without merit.

While there is no statute or case law which prevents parties to an antenuptial agreement from cutting each other off from any participation in the estate of the other upon the death of either, the Ohio Supreme Court has, nevertheless, determined that such an agreement must meet certain minimum levels of good faith and is subject to being set aside as invalid as a matter of law if the agreement is not fair and reasonable under the circumstances. *Hook v. Hook* (1982), 69 Ohio St.2d 234, 23 O.O.3d 239, 431 N.E.2d 667. In the earlier case of *Juhasz v. Juhasz* (1938), 134 Ohio St. 257, 12 O.O. 57, 16 N.E.2d 328, the Ohio Supreme Court set forth in the syllabus the criteria that must be examined to make that determination. The court held that:

"1. An agreement to marry gives rise to a confidential relation between the contracting parties.

---

1. The will left any and all property to Betty Mize, who was decedent's spouse at the time the will was made, but who had predeceased decedent.

"2. An antenuptial contract voluntarily entered into during the period of engagement is valid when the provision for the wife is fair and reasonable under all the surrounding facts and circumstances.

"3. When the amount provided for the wife in an antenuptial contract entered into during the existence of the confidential relation arising from an engagement is wholly disproportionate to the property of the prospective husband in the light of all surrounding circumstances and to the amount she would take under the law, the burden is on those claiming the validity of the contract to show that before it was entered into he made full disclosure to her of the nature, extent and value of his property or that she then had full knowledge thereof without such disclosure.

"4. Although the provision made for the intended wife in an antenuptial contract is wholly disproportionate, she will be bound by voluntarily entering into the contract after full disclosure or with full knowledge."

The antenuptial agreement executed on June 9, 1989 between the parties is less than one page in length and, in essence, states that "neither member of this union will be entitled to the assets or property of the other in the event of death." The document contains no description or listing of the properties held by either party. Instead, the agreement makes only vague references to "all monetary assets and real estate properties" and "personal bank accounts." While the wife's testimony indicates that she had some idea that decedent held various assets, it is also evident that such knowledge did not rise to the level of "full knowledge" and that there was not "full disclosure of the nature, extent and value" of these assets.

Although appellant asserts that the burden is on the surviving spouse to establish that there was not full disclosure, citing a 1967 Cuyahoga County Probate Court case, the Ohio Supreme Court has placed the burden on the party seeking to enforce the agreement to show that full disclosure was made. See *Juhasz, supra.* Consequently, we hold that appellant has not met that burden, and the antenuptial agreement is, accordingly, invalid as a matter of law. The first assignment of error is overruled.

■ In his second assignment of error, appellant charges that the trial court erred when ordering the two joint and survivorship accounts to be included in the inventory. For the reasons given below, we find the assignment to be well taken.

The law applicable to the disposition of funds in a joint and survivorship account, following the death of a party to the account, was set forth in *In re*

*Estate of Thompson* (1981), 66 Ohio St.2d 433, 20 O.O.3d 371, 423 N.E.2d 90, paragraph two of the syllabus, which states in relevant part that "[s]ums remaining on deposit at the death of a party to a joint and survivorship account belong to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intention at the time the account is created." The burden is on the party challenging the validity of the joint and survivorship account to show either that no present interest was created or that no right of survivorship was intended. *Vetter v. Hampton* (1978), 54 Ohio St.2d 227, 8 O.O.3d 198, 375 N.E.2d 804.

At trial, appellant introduced into evidence the passbooks of the two accounts. One was titled "Lonzo Mize or Denver Mize, Sr." and the other was titled "Lonzo Mize and Earl Denver Mize Sr. As Joint Tenants with Right of Survivorship." The wife argues that appellant failed to offer sufficient proof that they were joint and survivorship accounts, but the burden is on the wife to overcome the presumption of the validity of the accounts. Because she has failed to offer clear and convincing evidence that something other than joint and survivorship accounts was intended by the parties at the time the accounts were created, the presumption of validity must stand. Accordingly, we hold that the trial court erred by ordering that the joint and survivorship accounts be included in the inventory of decedent's estate. The second assignment of error is sustained.

The judgment of the trial court is affirmed in part and reversed in part and the case is remanded for further proceedings not inconsistent with this decision.

*Judgment accordingly.*

KLUSMEIER, P.J., UTZ and GORMAN, JJ., concur.