[Cite as *Evans v. Quest Diagnostics*, 2015-Ohio-3320.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DERECO EVANS, | : | APPEAL NO. C-140479 |
| | | TRIAL NO. A-1101017 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| QUEST DIAGNOSTICS, INC., | : | |
| and | : | |
| MEDPLUS, INC., | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded in Part

Date of Judgment Entry on Appeal: August 19, 2015

*Nadia Blaine*, pro se, and for Plaintiff-Appellant Dereco Evans.

*JonesPassodelis, P.L.L.C.*, and *Constantine J. Passodelis*, for Defendants-Appellees.

Please note: this case has been removed from the accelerated calendar.

**STAUTBERG, Judge.**

{¶1}    Dereco Evans and Nadia Blaine appeal the judgment of the trial court imposing over $85,000 in attorney fees and costs as sanctions against them under Civ.R. 11 and R.C. 2323.51.  For the following reasons, we reverse the judgment of the trial court.  We remand for further proceedings the judgment against Blaine, only.

## Evans is Assaulted and Unsuccessfully Sues

{¶2}    The genesis of this case was a sexual assault on Evans while he was recovering from a gunshot wound at University Hospital. The perpetrator, Chad Thrasher, a.k.a. Chadea Thrasher, was working as a phlebotomist at University Hospital at the time of the assault.  Thrasher was eventually convicted of gross sexual imposition.

{¶3}    After the criminal case had concluded, Evans, who was represented by Blaine, sued Thrasher and a number of other defendants,[1] including appellees Quest Diagnostics, Inc. and MedPlus, Inc., ("appellees") for damages arising from the assault.  Evans voluntarily dismissed his case under Civ.R. 41.  He later refiled. Evans's claims against appellees were based on theories of negligent hiring and supervision of Thrasher. Appellees consistently maintained throughout the proceedings that they did not hire or employ Thrasher, and thus could not be liable to Evans.  On November 7, 2012, the trial court entered final judgment, and granted appellees summary judgment on the basis that no employer-employee relationship existed between Thrasher and appellees.  Evans appealed.  We affirmed the trial court's judgment in *Evans v. Thrasher*, 1st Dist. Hamilton No. C-120783, 2013-Ohio-4776.  Evans attempted to appeal to the Ohio Supreme Court, but the court declined jurisdiction on March 26, 2014.

---

[1] Other defendants named in the lawsuit are not the subject of this appeal.

**Appellees' Multiple Motions for Sanctions**

{¶4}   Appellees filed three motions for sanctions solely against Blaine as follows:

> 1. "Motion for Sanctions pursuant to Ohio Rule 11," filed April 19, 2011,  and requesting "sanctions be imposed on plaintiff's counsel" under Civ.R. 11 and/or R.C. 2323.51.
>
>  2. "Motion for Sanctions Pursuant to Ohio Rule 11," filed November 3, 2011, and requesting "sanctions be imposed on plaintiff's counsel" under Civ.R. 11 and/or R.C. 2323.51.
>
> 3. "Quest Diagnostics Incorporated's Renewed Motion for Sanctions (Attorney Fees, Costs, and Expenses)," filed December 6, 2012, in which it moved the trial court "to enter an order granting all sanctions related relief originally requested in Quest Diagnostics' Motion for Sanctions Pursuant to Ohio Rule 11 and supporting Memorandum filed with this Court on November 3, 2011, and subsequently supported and requested in subsequent filings, all of which are incorporated."

{¶5}   Appellees filed memoranda supporting the April and November 2011 motions.  In those memoranda, appellees describe the conduct of Blaine in pursuing claims against appellees. Appellees blamed her for failing to conduct presuit discovery to determine the employer of Thrasher, and for failing to move to dismiss appellees from the litigation after numerous communications and filings from appellees denying any employment or supervisory relationship with Thrasher.  In response, Blaine argued that appellees did not respond to discovery requests in a timely manner, and were not forthcoming about their contractual relationship with

3

University Hospital. The trial court reserved ruling on appellees' motions until the appellate process had been exhausted.

{¶6} After the Ohio Supreme Court declined jurisdiction over Evans's appeal from this court's decision, appellees filed a motion in the trial court entitled "Quest Diagnostics Incorporated's and MedPlus, Inc.'s Supplemental Motion for Sanctions Pursuant to Civ. R. 11 and R.C. 2323.51 (Attorney Fees, Costs and Expenses)." In that motion, appellees moved for sanctions against Blaine, and—for the first time—against Evans, and requested that the trial court "enter an order granting all sanctions requested . . . in this Supplemental Motion for Sanctions Pursuant to Civ. R. 11 and R.C. 2323.51."

{¶7} Based on the filings and arguments from counsel, but without conducting an evidentiary hearing, the trial court entered judgment granting over $85,000 in sanctions against Blaine and Evans, and held them jointly and severally liable for the amount. In its judgment, the trial court indicated that it had granted three[2] of appellees' motions for sanctions, including the "renewed motion" brought under R.C. 2323.51 against both Evans and Blaine. Raising five assignments of error, Blaine and Evans now appeal.

### Timeliness of Appellees' Motions

{¶8} In their first assignment of error, Evans and Blaine contend that the trial court did not have jurisdiction to hear appellees' motions after the court had journalized a final order in the underlying case. Appellants are mistaken in their assertion regarding the trial court's jurisdiction. However, appellees' motion as to Evans was untimely, and therefore the trial court erred by entertaining it.

---

[2] The entry notes that the trial court is ruling on one of appellees' "Motion for Sanctions Pursuant to Ohio Rule 11" without specifying which of the two.

{¶9}  A motion for Civ.R. 11 sanctions is a collateral matter and can be filed, heard, and ruled upon even after a final order has been issued in the underlying case. *ABN Amro Mtge. Group, Inc. v. Evans*, 8th Dist. Cuyahoga No. 98777, 2013-Ohio-1557; *Schwartz v. Gen. Acc. Ins. Co. of Am.*, 91 Ohio App.3d 603, 632 N.E.2d 1279 (1st Dist.1993). Moreover, R.C. 2323.51(B)(1) allows a party to move for sanctions "at any time not more than thirty days after the entry of final judgment in a civil action * * * ." Consequently, a trial court has jurisdiction to entertain such motions after judgment has been entered in the underlying lawsuit. And in this case the trial court specifically reserved ruling on the motions pending the outcome of the appellate process.

{¶10}  In this case, appellees failed to request sanctions against Evans until their "renewed motion," filed in June 2014. This was well past the 30-day time limit contained in R.C. 2323.51. An untimely motion does not deprive the trial court of jurisdiction. However, where a party properly objects to an untimely motion, the trial court is without authority to exercise its jurisdiction. *See Thomas v. Cincinnati*, 1st Dist. Hamilton No. C-050643, 2006-Ohio-3598; *Mason v. Meyers*, 140 Ohio App.3d 474, 477, 748 N.E.2d 100 (3d Dist.2000); *Whitt v. Whitt,* 2d Dist. Greene No. 2003-CA-82, 2004-Ohio-5285. Here, Evans properly objected.

{¶11}  Because appellees' motion was not timely filed as to Evans, it was not properly before the trial court. The trial court therefore erred when it considered the motion. *See Nancy Lowrie & Assoc., LLC v. Ornowski*, 8th Dist. Cuyahoga No. 100694, 2014-Ohio-3718, ¶ 9. And because Civ.R. 11 does not allow for the imposition of sanctions against a party unless that party appeared pro se, the trial court did not have the authority to award sanctions against Evans under that rule, either.

{¶12} The first assignment of error is sustained to the extent that the trial court was without authority to exercise its jurisdiction to order sanctions against Evans. It is overruled in all other respects.

{¶13} We address the arguments in the remaining assignments of error as to Blaine, only.

## Motion for Reconsideration and Res Judicata

{¶14} In the second assignment of error, Blaine alleges that appellees' "renewed" motion for sanctions was really a motion for reconsideration and therefore a legal nullity. In the third assignment of error, Blaine argues that the trial court erred because the issues raised by appellees were res judicata. We address these assignments of error together.

{¶15} Blaine's arguments are premised upon a flawed assumption of the procedural history of this case. The trial court did not rule on appellees' motions while the underlying case was pending and, indeed, specifically reserved ruling on these motions until the conclusion of the case and any appeals. Therefore, appellees' "renewed motion," while perhaps unnecessary, was not a motion for reconsideration. Because a motion for sanctions may be entertained even after the trial court enters judgment in the underlying case, and because the trial court did not rule on any of appellees' motions, res judicata did not bar consideration of appellees' motions for sanctions. *See State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 17-18. Therefore, the second and third assignments of error are overruled.

## The Trial Court Failed to Conduct an Evidentiary Hearing

{¶16} In the fourth assignment of error, Blaine argues that the trial court erred by failing to hold an evidentiary hearing before imposing sanctions. In the fifth assignment of error, Blaine argues that appellees failed to prove that sanctions were

warranted under either R.C. 2323.51 or Civ.R. 11.  We address these assignments of error together.

{¶17}  The decision to grant sanctions under R.C. 2323.51 and Civ.R. 11 rests within the sound discretion of the trial court, and we review the trial court's judgment for an abuse of discretion. *DiBenedetto v. Miller*, 180 Ohio App.3d 69, 2008-Ohio 6506, 904 N.E.2d 554, ¶ 20 (1st Dist.); *Gearhart v. Cooper*, 1st Dist. Hamilton Nos. C-050532 and C-060170, 2007-Ohio-25, ¶ 25.

{¶18}  Under Civ.R. 11, an attorney's or pro se litigant's signature on a pleading constitutes a certificate "that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it[,] and that it is not interposed for delay." Civ.R. 11 employs a subjective bad-faith standard to invoke sanctions by requiring that any violation of that rule must be willful. *State ex rel. Dreamer v. Mason*, 115 Ohio St.3d 190, 2007-Ohio-4789, 874 N.E.2d 510, ¶ 19; *State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.*, 127 Ohio St.3d 202, 2010-Ohio-5073, 937 N.E.2d 1274, ¶ 7.  A motion for sanctions under R.C. 2323.51 requires a court to determine whether the challenged conduct constitutes frivolous conduct, as defined by the statute, and, if so, whether any party has been adversely affected by the frivolous conduct. R.C. 2323.51(B)(2)(c). To award sanctions under R.C. 2323.51, the test is whether no reasonable lawyer would have brought the action in light of the existing law.  *Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, ¶ 36 (1st Dist.).  The statute was designed to chill egregious, overzealous, unjustifiable, and frivolous action. *Id.* at ¶ 35.

{¶19}  Blaine is correct that the trial court was required to conduct an evidentiary hearing before imposing sanctions under either R.C 2323.51 or Civ.R. 11. R.C. 2323.51(B)(2)(a) specifically provides that an evidentiary hearing is required.

And the Ohio Supreme Court has held that an evidentiary hearing is required in cases where the trial court imposes sanctions under Civ.R. 11. *State ex rel. Ebbing v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, 978 N.E.2d 188, ¶ 25.

{¶20} Here, the trial court relied on arguments of counsel and the pleadings, only. It therefore abused its discretion in awarding sanctions. The fourth assignment of error is sustained. And because the court failed to conduct an evidentiary hearing, the record does not support an award of sanctions against Blaine. We therefore sustain the fifth assignment of error.

{¶21} We also note that, based upon what is in the record before us, the amount of sanctions imposed by the court was clearly not justified. The trial court awarded all of the expenses and fees requested by appellees, which were supported by an affidavit and submission of invoices. Some of the invoices submitted were for legal work performed on Evans's first, dismissed lawsuit.[3] There are no grounds to support awarding attorney fees that predate the filing of the lawsuit in which the motion for sanctions is brought.

## Conclusion

{¶22} In sum, we hold that the trial court did not have the authority to award sanctions against Evans. We also hold that the court abused its discretion when it awarded sanctions against Blaine without first conducting an evidentiary hearing. The trial court's judgment is reversed, and we remand this cause for the trial court to conduct an evidentiary hearing on appellees' motions requesting Civ.R. 11 and R.C. 2323.51 sanctions against Blaine, only, and for further proceedings consistent with law and this opinion.

---

[3] This was in direct contradiction to appellees' counsel's representation to the trial court at the July 15, 2014 hearing, "And the fee petition we put in is the beginning of this second action forward."

Judgment accordingly.

**CUNNINGHAM, P.J.,** and **MOCK, J.,** concur.

Please note:

      The court has recorded its own entry on the date of the release of this opinion.