[Cite as *Feagan v. Bethesda N. Hosp.*, 2024-Ohio-166.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| GLENN D. FEAGAN, ESQ., | : | APPEAL NO. C-230135 |
| | | TRIAL NO. A-2202163 |
| Appellant, | : | |
| and | : | |
| KAREN LINGO, et al., | : | |
| Plaintiffs, | : | |
| vs. | : | |
| BETHESDA NORTH HOSPITAL, | : | |
| Defendant-Appellee, | : | |
| and | : | |
| ANNA L. HOMSEY, M.D., et al., | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| GLENN D. FEAGAN, ESQ., | : | APPEAL NO. C-230136 |
| | | TRIAL NO. A-2203523 |
| Appellant, | : | |
| and | : | |
| SARAH COOK, | : | |
| Plaintiff, | : | |
| vs. | : | |
| YASUDARA MIRA HITCH, R.N., | : | |
| and | : | |
| BETHESDA NORTH HOSPITAL, | : | |
| Defendants-Appellees, | : | |
| and | : | |

MELISSA ANN HOUSE, M.D., et al.,  :

    Defendants.  :

_____

GLENN D. FEAGAN, ESQ.,  :    APPEAL NO. C-230137
    TRIAL NO. A-2203758

    Appellant,  :

  and  :

    *O P I N I O N.*

CARMELA BYUS, ADMINISTRATRIX  :
OF THE ESTATE OF TORI BYUS,

  :

    Plaintiff,

  :

  vs.

  :

MERCY HEALTH-ANDERSON
HOSPITAL,  :

  and  :

JUNAID MALIK, M.D.,  :

    Defendants-Appellees,  :

  and  :

MACIE ROETTING, APRN-CNP, et al.,  :

    Defendants.  :

Civil Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Reversed

Date of Judgment Entry on Appeal: January 19, 2024

*Robert A. Winter Jr.*, *James F. Maus*, *Benjamin M. Maraan II* and *Alan J. Statman* for Appellant,

*Rendigs, Fry, Kiely & Dennis, LLP*, *Thomas M. Evans*, *Brian D. Goldwasser* and *James J. Englert* for Defendants-Appellees Bethesda North Hospital and Yasudara Mira Hitch, R.N.,

*Rendigs, Fry, Kiely & Dennis, LLP*, *Michael P. Foley* and *James J. Englert*, for Defendants-Appellees Mercy Health-Anderson Hospital and Junaid Malik, M.D.

**ZAYAS, Presiding Judge.**

{¶1} Appellant, Glenn D. Feagan, Esq., appeals the judgments of the Hamilton County Court of Common Pleas awarding sanctions against him under R.C. 2323.51 and Civ.R. 11 for failing to file a requisite affidavit of merit or a motion for extension with three respective medical-malpractice complaints. In a single assignment of error, he argues that the trial court committed reversible error by imposing sanctions against him. For the following reasons, we sustain the assignment of error and reverse the judgments of the trial court.

## I. Factual and Procedural History

{¶2} In each of these consolidated appeals, the plaintiff(s) initiated the underlying actions by filing a medical-malpractice complaint. No affidavit of merit or motion to extend was filed with any complaint. Subsequently, defendants-appellees Bethesda North Hospital ("Bethesda"), Yasudara Mira Hitch, R.N., Mercy Health-Anderson Hospital, and Junaid Malik, M.D., (collectively "defendants"), each, respectively, filed a motion to dismiss the underlying complaint in each action and a request for sanctions against Feagan—plaintiffs' counsel in each action—under R.C. 2323.51 and Civ.R. 11 for the failure to include an affidavit of merit or motion to extend as required by Civ.R. 10(D)(2).[1] The request for sanctions alleged that Feagan had filed multiple medical-malpractice actions in the last 12 months, most of which did not include an affidavit of merit, and, in each case, Feagan voluntarily dismissed the action once a motion to dismiss was filed based on the failure to include an affidavit of merit. Defendants specifically listed seven previous cases in which Feagan had allegedly

---

[1] We note that, in the case numbered A-2202163, Bethesda moved to dismiss the complaint on the grounds that the claim was barred by the statute of repose. However, after the plaintiffs subsequently dismissed the complaint, Bethesda agreed that the motion to dismiss was a legal nullity. Thus, Bethesda never advanced the statue-of-repose argument. Additionally, Bethesda did not assert the statute-of-repose argument as a basis for sanctions.

engaged in this behavior and requested sanctions (attorney fees and costs) against Feagan based on his "habitual failure" to provide an affidavit of merit and to fully investigate the merits of the actions.

{¶3} Shortly after the motions to dismiss were filed, the plaintiff(s) voluntarily dismissed each underlying action, without prejudice, pursuant to Civ.R. 41(A). Additionally, each plaintiff responded to the request for sanctions, arguing that he or she had an "absolute right" under Civ.R. 41(A) to voluntarily dismiss the complaint, without being held liable for defendants' attorney fees, and asserting that no evidence was put forth to show that the underlying actions lacked merit.

{¶4} At the hearing on the request for sanctions, the trial court heard oral arguments from the parties. Defendants argued that Feagan was blatantly disregarding well-settled law as the requirements of Civ.R. 10(D)(2) had been in place for several years and Feagan routinely practiced in this area. They claimed that research revealed 15 cases in which Feagan had failed to file an affidavit of merit or a motion to extend with a medical-malpractice complaint. They further claimed that this behavior caused defendants unnecessary expense in having to research the case and file a motion to dismiss, and impacted the physicians at issue as the physicians now must disclose the actions in the future.

{¶5} On the other hand, Feagan argued that the failure to file an affidavit of merit did not lead to any inference that the underlying claims were frivolous or lacking in merit. He claimed that his law firm had four registered nurses on staff who reviewed the medical records and made initial recommendations, and the claims were good-faith claims. He asserted that a violation of Civ.R. 10 did not lead to an adjudication on the merits of the claims or any inference that the claims were frivolous. He further asserted that the conduct of filing the complaints and then subsequently dismissing

4

the actions under Civ.R. 41(A) to obtain another year to file the affidavits of merit was allowable under the Ohio Rules of Civil Procedure and "strategic" use of such rules did not constitute bad faith.

{¶6} The trial court expressed at the hearing that it was focusing solely on the cases before it and whether Feagan's conduct in filing the complaints without an accompanying affidavit of merit, or motion to extend, was frivolous and willful. The court ultimately found that this conduct was frivolous and willful as Feagan made "various assumptions" in the complaints without a supporting affidavit as required by Civ.R. 10(D)(2)(d). Notably, the trial court also found that it did not need to find that the underlying merits of the causes of action were frivolous to determine that the conduct of not following Civ.R. 10 was frivolous. Specifically, the trial court stated:

> The court finds, specifically, that the attorney's conduct here was willful, and you can look at [*Stevenson v. Bernard*, 11th Dist. Lake No. 2006-L-096, 2007-Ohio-3192].

> The court finds that this conduct is frivolous. The attorney makes various assumptions in the complaint without [a] supporting affidavit, a very specific violation of Civil Rule 10(D)(2)(d). The rule says the complaint shall have an affidavit of merit.

> [Counsel for Mr. Feagan] has argued – and it appears that Mr. Feagan is familiar with this rule having filed numerous cases. [Counsel for Mr. Feagan] has asked me to decide that using Rule 41(A) is not frivolous, and I agree with him that using 41(A) is not frivolous; however, not using Rule 10(D)(2) in these three cases is frivolous conduct. I do not have to find the merits of the case are frivolous in

5

order to determine that the conduct [of] not following Rule 10(D)(2)(d) is frivolous.

{¶7} The trial court ultimately entered a decision consistent with its findings at the hearing and awarded attorney fees and costs to defendants pursuant to R.C. 2323.51 and Civ.R. 11.

{¶8} Feagan now appeals. In a single assignment of error, he argues that the trial court committed reversible error by granting the motions for sanctions against him for alleged frivolous conduct.

## II. Law and Analysis

### A. Sanctioning Frivolous Conduct Under Ohio Law

{¶9} Ohio law provides an aggrieved party with two separate mechanisms to recover attorney fees for frivolous conduct: R.C. 2323.51 and Civ.R. 11. *Marconi v. Savage*, 8th Dist. Cuyahoga No. 102619, 2016-Ohio-289, ¶ 22, citing *Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 18. " 'Although both authorize the award of attorney fees as a sanction for frivolous conduct, they have separate standards of proof and differ in application.' " *Id.*, quoting *Bikkani* at ¶ 12.

{¶10} First, R.C. 2323.51(B)(1) authorizes a court to award court costs and reasonable attorney fees to a party adversely affected by "frivolous conduct" in a civil action or appeal. Relevant to our purposes here, "frivolous conduct" includes, but is not limited to, the filing of a civil action—or the filing of a pleading, motion, or other paper in a civil action—by a party's counsel of record where the filing: (1) obviously serves merely to harass or maliciously injure another party to the civil action or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation; (2) is not warranted under existing law, cannot be supported by a good-faith argument for an extension, modification, or

reversal of existing law, or cannot be supported by a good-faith argument for the establishment of new law; (3) consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; or (4) consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief. R.C. 2323.51(A)(1)(a) and(A)(2)(a).

{¶11} "The standard for determining frivolous conduct under R.C. 2323.51 is objective." *Marconi,* 8th Dist. Cuyahoga No. 102619, 2016-Ohio-289, at ¶ 24. "It 'is determined without reference to what the individual knew or believed.' " *Id.*, citing *Hardin v. Naughton*, 8th Dist. Cuyahoga No. 99182, 2013-Ohio-2913, ¶ 14. A finding of frivolous conduct, as contemplated by R.C. 2323.51(A)(2)(a), must involve egregious conduct. *State ex rel. DiFranco v. City of S. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 15. "Frivolous conduct is not proved merely by winning a legal battle or by proving that a party's factual assertions were incorrect." *Id.*, citing *Ohio Power Co. v. Ogle*, 4th Dist. Hocking No. 12CA14, 2013-Ohio-1745, ¶ 29-30. "The statute was designed to chill egregious, overzealous, unjustifiable, and frivolous action." *Evans v. Quest Diagnostics, Inc.*, 1st Dist. Hamilton No. C-140479, 2015-Ohio-3320, ¶ 18, citing *Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, ¶ 35 (1st Dist.).

{¶12} Conversely, the analysis under Civ.R. 11 is subjective and is dependent on what the individual knew or believed. *Marconi* at ¶ 39. In relevant part, Civ.R. 11 provides:

> Every pleading, motion, or other document of a party
> represented by an attorney shall be signed, by electronic signature or by

7

hand, by at least one attorney of record in the attorney's individual name, whose address, attorney registration number, telephone number, facsimile number, if any, and business e-mail address, if any, shall be stated. * * * The signature of an attorney * * * constitutes a certificate by the attorney * * * that the attorney * * * has read the document; that to the best of the attorney's * * * knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule, an attorney * * *, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.

{¶13} The rule "employs a subjective bad-faith standard to invoke sanctions by requiring that any violation of [Civ.R. 11] must be willful." *Evans* at ¶ 18. "In ruling on a motion for sanctions made pursuant to Civ.R. 11, a court 'must consider whether the attorney signing the document (1) has read the pleading, (2) harbors good grounds to support it to the best of his or her knowledge, information, and belief and (3) did not file it for purposes of delay.' " *Sigmon v. Southwest Gen. Health Ctr.*, 8th Dist. Cuyahoga No. 88276, 2007-Ohio-2117, ¶ 18, citing *Ceol v. Zion Industries, Inc.*, 81 Ohio App.3d 286, 610 N.E.2d 1076 (9th Dist.1992). If the court determines that any of these requirements has not been met, and that the violation was willful, the court may impose the appropriate sanctions. (Citations omitted.) *Id.*

{¶14} Despite the differing standards, R.C. 2323.51 and Civ.R. 11 are not in conflict. *Marconi*, 8th Dist. Cuyahoga No. 102619, 2016-Ohio-289, at ¶ 38. Rather, "[a] plain reading of R.C. 2323.51 and Civ.R. 11 reveals that although different

language is used, both the statute and the rule impose the same requirement on an attorney: to prosecute only claims having merit under existing law." *Id.* at ¶ 38.

{¶15} "The standard of review to be applied to a trial court's decision on a request for sanctions under R.C. 2323.51 depends on whether there are questions of law or of fact or mixed questions of law and fact." *Fannie Mae v. Hirschhaut*, 1st Dist. Hamilton No. C-180473, 2019-Ohio-3636, ¶ 26, citing *Gearheart v. Cooper*, 1st Dist. Hamilton Nos. C-050532 and C-060170, 2007-Ohio-25, ¶ 25. "We review purely legal questions de novo." *Id.*, citing *Riston*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, at ¶ 22. "On factual issues, we give deference to the trial court's factual determinations, which will not be disturbed if they are supported by competent, credible evidence." *Id.*, citing *Pitcher v. Waldman*, 1st Dist. Hamilton No. C-160245, 2016-Ohio-5491, ¶ 16. "The ultimate decision as to whether to grant sanctions under R.C. 2323.51 rests within the sound discretion of the trial court." *Id.* at ¶ 27, citing *217 Williams, LLC v. Worthen*, 1st Dist. Hamilton No. C-180101, 2019-Ohio-2559, ¶ 17. "An abuse of discretion occurs if the trial court's decision is 'unreasonable, arbitrary, or unconscionable.' " *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶16} The standard of review to be applied to a trial court's decision on a request for sanctions under Civ.R. 11 is an abuse of discretion. *Id.* at ¶ 43, citing *DiBenedetto v. Miller*, 180 Ohio App.3d 69, 2008-Ohio-6506, 904 N.E.2d 554, ¶ 20 (1st Dist.). However, purely legal questions, such as whether good legal grounds exist to support a complaint, are reviewed de novo. *E.g., Lane v. Griffith*, 11th Dist. Ashtabula No. 2019-A-0041, 2019-Ohio-3442, ¶ 23, citing *Fast Property Solutions, Inc. v. Jurczenko*, 11th Dist. Lake Nos. 2012-L-015 and 2012-L-016, 2013-Ohio-60, ¶ 57; *131 Miles, L.L.C., v. 3M&B, L.L.C.*, 8th Dist. Cuyahoga No. 109558, 2021-Ohio-

3198, ¶ 8, citing *ABN AMRO Mtge. Group, Inc. v. Evans*, 8th Dist. Cuyahoga No. 98777, 2013-Ohio-1557, ¶ 14; *Henderson v. Haverfield*, 7th Dist. Harrison No. 21 HA 0005, 2022-Ohio-2194, ¶ 33, citing *N.A.T. Transp., Inc. v. McClain*, 165 Ohio St.3d 250, 2021-Ohio-1374, 178 N.E.3d 454, ¶ 12.

### B. The Record Does Not Support an Award of Sanctions in this Case

{¶17} We begin by noting that the record in this case lacks any evidence beyond the complaints. The underlying actions were dismissed shortly after the filing of the complaints, and the trial court merely heard oral argument in response to the motions for sanctions. Accordingly, the only factual basis in this case for the award of sanctions is the filing of the three medical-claim complaints without an accompanying affidavit of merit or motion to extend, a fact which is undisputed.[2] Therefore, the limited question now before this court is whether the filing of those three complaints, in violation of Civ.R. 10(D)(2), is sufficient to support an award of sanctions under either mechanism. For the following reasons, we hold that such conduct—in and of itself—is not sufficient to support an award of sanctions under either mechanism.

{¶18} Civ.R. 10(D)(2)(a) requires that a medical-claim complaint be accompanied by one or more affidavits of merit. The specific requirements for an affidavit of merit are expressly laid out in the rule. *See* Civ.R. 10(D)(2)(a). In essence, the affidavit must establish an expert opinion that the standard of care was breached by one or more defendants to the action and that such breach caused injury to the plaintiff. *See id.* Alternatively, the rule allows a plaintiff to instead file a motion to

---

[2] The dissent references additional cases mentioned by the defendants and discusses the experience of Mr. Feagan and his law firm. However, these assertions derive merely from argument. No evidence was offered to support such assertions.

extend with the complaint, seeking more time to file the affidavit of merit. *See* Civ.R. 10(D)(2)(b).

{¶19} The purpose of the affidavit of merit "is to winnow out utterly frivolous claims; its purpose is not to test the sufficiency of the plaintiff's evidence on the ultimate issue of the defendant's liability." *Tranter v. Mercy Franciscan Hosp. Western Hills,* 1st Dist. Hamilton No. C-061039, 2007-Ohio-5132, ¶ 12. In fact, Civ.R. 10(D)(2)(d) expressly provides that the affidavit is required to establish the adequacy *of the complaint.* Civ.R. 10(D)(2)(d). Notably, adequacy of the complaint and adequacy of the underlying claims are not synonymous. *See Fletcher v. Univ. Hosp. of Cleveland,* 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 18 ("In this particular case, the dismissal was not on the merits of Fletcher's claim. Instead, it merely went towards the sufficiency of the complaint – namely, the complaint's failure to include an affidavit of merit."). The rule further provides that any dismissal for the failure to comply with the rule operates only as a failure otherwise than on the merits. *Id.* Thus, it is clear that the failure to file an affidavit of merit does not ultimately speak towards the merits of the underlying claims. Rather, it is merely a pleading requirement.

{¶20} With that background in mind, we first address the trial court's award of sanctions under Civ.R. 11. To award sanctions under Civ.R. 11, the trial court was required to find not only that Feagan's conduct in filing the complaints was willful but also that he lacked good grounds to support the claims asserted within.[3] *See, e.g., Sigmon,* 8th Dist. Cuyahoga No. 88276, 2007-Ohio-2117, at ¶ 18, *Fannie Mae,* 1st Dist. Hamilton No. C-180473, 2019-Ohio-3636, at ¶ 43. As the failure to file an affidavit of

---

[3] We note that the trial court's finding of willful conduct is not in dispute, nor do we disturb this finding.

merit does not speak to the adequacy of the underlying claims, we fail to see any support in the record for a finding that Feagan lacked good grounds to support the asserted claims as there was no evidence presented on the merits of the causes of action—let alone Feagan's knowledge, information, and/or belief as to the merits of the causes of action—and each case was dismissed shortly after the complaint was filed, i.e., the causes did not proceed to judgment (or even discovery). Accordingly, we hold that the trial court abused its discretion in awarding sanctions under Civ.R. 11 as there is no evidence in the record to support such a finding.

{¶21} We next address the trial court's award of sanctions under R.C. 2323.51. The trial court did not specify under what provision of the statute it was finding Feagan's conduct to be frivolous. However, the trial court cited *Stevenson*, 11th Dist. Lake No. 2006-L-096, 2007-Ohio-3192, when announcing its decision at the hearing.

{¶22} In *Stevenson*, attorney Frost filed a complaint alleging that two other attorneys—Bernard and Adinolfi—committed slander and made certain statements about her client. *Id*. at ¶ 2, 11. The accusations were based on assumptions made after a conversation Frost had with attorney Cahill, which she ultimately failed to further investigate or confirm. *Id*. at ¶ 3-4. Bernard and Adinolfi denied making the alleged statements before the complaint was filed. *Id*. at ¶ 10. Further, Cahill called Frost after the complaint was filed and told her that Bernard and Adinolfi were not the individuals he was discussing during their conversation. *Id*. at ¶ 14. Even further, a partner from Bernard and Adinolfi's law firm told Frost that her allegations were incorrect based on his conversation with Cahill, and that he would pursue remedies under Civ.R. 11 and R.C. 2323.51 if she failed to dismiss her complaint. *Id*. at ¶ 13, 15. The partner also followed up with a letter urging Frost to dismiss the complaint. *Id*. at ¶ 16. However, Frost refused to do so. *Id*. The trial court ultimately awarded

sanctions against Frost after finding that she failed to investigate the claims and knew she lacked evidence to support the claims, yet still filed and maintained the action for months. *Id.* at ¶ 20-24. The court of appeals affirmed, holding that Frost filed the action based solely on assumptions and suspicions and without good grounds or any investigation, knowing she had no evidence against Bernard and Adinolfi, and maintained the action even after her sole witness had told her she had no evidence to support the asserted allegations. *Id.* at ¶ 48.

{**¶23**} We fail to see how *Stevenson* provides support for the award of sanctions in the instant case as there is no evidence that Feagan failed to investigate the underlying claims or that the underlying claims were merely based on assumption or suspicion. Rather, an inference would need to be made based on the lack of an affidavit of merit in order to reach such a conclusion, and we hold that such an inference is improper where—as mentioned above—the affidavit of merit speaks only to the adequacy of the complaint and does not speak to the merits of the underlying claims. *See Tranter*, 1st Dist. Hamilton No. C-061039, 2007-Ohio-5132, at ¶ 12; Civ.R. 10(D)(2)(d).

{**¶24**} Feagan argues, in essence, that the strategy of filing and then dismissing a medical-claim complaint to garner more time, rather than filing a motion to extend, is a procedural workaround under the civil rules—as plaintiffs have an unfettered and unpunishable right to voluntarily dismiss an action under Civ.R. 41(A)—and, therefore, utilizing such strategy was not sanctionable conduct. Defendants argue that Feagan's conduct is frivolous because it results in a needless increase in the cost of litigation and is not warranted under existing law.

{**¶25**} R.C. 2323.51(A)(2)(a)(ii) allows an award of sanctions where the conduct is not warranted under existing law, cannot be supported by a good-faith

argument for an extension, modification, or reversal of existing law, or cannot be supported by a good-faith argument for the establishment of new law. Legally groundless claims are reviewed de novo. *Shertock v. Wallace*, 1st Dist. Hamilton Nos. C-190457 and C-190464, 2020-Ohio-4369, ¶ 32, citing *Riston*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, at ¶ 22. The test is whether no reasonable attorney would have brought the action in light of existing law. *Id.*, citing *Pitcher v. Waldman*, 1st Dist. Hamilton No. C-160245, 2016-Ohio-5491, ¶ 15.

{¶26} The question we are presented with here is whether the failure to follow a procedural prerequisite to the filing of a cause of action amounts to a finding that the complaint was not warranted under existing law.

{¶27} We first note that the instant case is distinguishable from a case where the missing prerequisite to the filing of a cause of action ultimately affects the merits of the cause of action and results in a claim that is not warranted under the law in the absence of such prerequisite. *See, e.g., Shertock* (finding that a party engaged in frivolous conduct where the party attempted to bring a cause of action for the unauthorized practice of law under R.C. 4705.07(C)(2) without the prior necessary finding by the Supreme Court that the unauthorized practice of law occurred).

{¶28} Rather, here, the procedural prerequisite in question—the filing of an affidavit of merit or motion to extend under Civ.R. 10(D)(2)—does not go to the merits of the underlying claim. Instead, it is simply a pleading requirement that results in a dismissal without prejudice in the absence of such a prerequisite. *See Fletcher*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, at ¶ 21 ("[A] dismissal for failure to comply with Civ.R. 10(D)(2) is an adjudication otherwise than on the merits. The dismissal, therefore, is without prejudice."). Accordingly, a party is free to refile the claim after dismissal.

**{¶29}** While this court is certainly not condoning the purposeful avoidance of procedural requirements under the Ohio Rules of Civil Procedure, we cannot say that no reasonable attorney would have engaged in the strategy of filing a complaint in violation of the rule intending to rely on the established outcome of dismissal in order to garner more time for his or her client to bring the intended cause of action. The statute is not designed to punish mere misjudgment or tactical error. *E.g., Riston*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, at ¶ 35.

**{¶30}** Further, we are cautious not to stifle good-faith zealous representation—even where such a strategy ultimately misses the mark—and the mere filing of the complaints in violation of the rule has yet to reach the realm of abuse of process. Notably, there is no evidence here that Feagan has previously been warned against this behavior by the trial court or that such behavior has previously been litigated and found to be improper.

**{¶31}** Accordingly, we hold that sanctions were not warranted under R.C. 2323.51 based *solely* on Feagan's failure to follow Civ.R. 10(D)(2) when filing the three medical-claim complaints. Therefore, we sustain the sole assignment of error.

### III. Conclusion

**{¶32}** Having sustained the sole assignment of error, we reverse the judgments of the trial court.

Judgments reversed.

**KINSLEY, J.,** concurs.
**BERGERON, J.,** dissents.

**Bergeron, J.**, dissenting.

**{¶33}** On appeal, Mr. Feagan argues only that his voluntary dismissal of the complaints under Civ.R. 41(A) shielded him from any potential sanctions. Yet the

majority looks beyond his sole argument to determine that his willful failure to comply with the requirements of Civ.R. 10(D) did not warrant the sanctions issued. The trial court provided a thorough analysis, finding Mr. Feagan's conduct both frivolous and willful. He did not contest these findings on appeal, and even if he did, competent and credible evidence supports those conclusions. Consequently, I would not reverse the trial court's measured sanctions award, and therefore, I respectfully dissent.

**{¶34}** Mr. Feagan filed the three cases consolidated here—and according to defendants, at least 11 additional cases—without an affidavit of merit or any type of motion for extension. Because he repeatedly filed complaints without either of these alternatively required documents, the trial court determined, and Mr. Feagan did not contest, that he willfully engaged in a pattern of noncompliance with the mandatory requirements of Civ.R. 10(D). Mr. Feagan and his law firm are sophisticated actors within the medical malpractice space with an understanding of the requirements of filing medical malpractice complaints. At trial, his counsel stated that the firm has "medical staff in [its] office" and "a lot of experts, physicians that [they] use." He further stated, "We're currently prosecuting hundreds of cases and spending millions of dollars on med-mal cases." As he acknowledges, his failure to attach an affidavit of merit in these cases was not an oversight, but rather an intentional, strategic decision.

**{¶35}** In his reply brief, Mr. Feagan declares that filing a medical malpractice complaint without an affidavit of merit or a motion for extension is a strategy plaintiff's counsel can employ in medical malpractice cases to circumvent the extension process explicitly created by Civ.R. 10(D). Civ.R. 10(D)(2)(b) clearly delineates an accommodation for parties who are unable to file an affidavit of merit at the time of filing the complaint: parties can file a motion for extension along with the complaint and receive—upon a showing of good cause—an extension for a reasonable period not

to exceed 90 days. Rather than use the extension process contemplated by the drafters of Civ.R. 10(D)(2)(b), Mr. Feagan repeatedly chose to employ a workaround whereby, following a voluntary dismissal under Civ.R. 41(A)(1)(a), parties receive one year to refile the suit under R.C. 2305.19(A).

{¶36} Mr. Feagan argues that Civ.R. 41(A) provides an escape hatch from the requirements of Civ.R. 10(D). If he is correct, Civ.R. 10(D) is not worth the paper upon which it is written. And while the majority asserts that they are "certainly not condoning the purposeful avoidance of procedural requirements under the Rules of Civil Procedure," by accepting Mr. Feagan's argument, that strikes me as exactly what is happening here. After reading the majority opinion, I'm not sure any attorney would feel compelled to comply with Civ.R. 10(D) when they file a complaint, because if we are excusing even willful violations of that rule, what is the consequence?

{¶37} On this record, the trier of fact determined Mr. Feagan willfully violated Civ.R. 10(D) and engaged in frivolous conduct. Mr. Feagan did not contest these findings on appeal, and I cannot accept his sole argument that a voluntary dismissal shields a party from sanctions for willful violations of the Ohio Rules of Civil Procedure. I accordingly would affirm the trial court's judgments.

Please note:

The court has recorded its own entry this date.